1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    Kimberly Frisk,                                No. 2:23-cv-00897-KJM-SCR

12                       Plaintiff,                  ORDER

13          v.

14    Eden Housing Management, Inc., et al.,

15                       Defendants.

16

17          Plaintiff Kimberly Frisk seeks to amend her complaint.  Defendant Eden Housing

18    Management, Inc. opposes.  For the reasons set forth below, the court **grants** the motion.

19    **I.      BACKGROUND**

20          Plaintiff filed her initial complaint in San Joaquin County Superior Court.  *See generally*

21    Compl., Removal Notice Ex. B, ECF No. 1-2.  Eden removed the action, invoking this court's

22    jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.  *See* Removal Notice ¶¶ 13–16, ECF

23    No. 1.  This court held an initial scheduling conference and subsequently ordered plaintiff to file

24    her motion to join additional defendants within twenty-one days.  *See* Min. Order (Sept. 22,

25    2023), ECF No. 11.  Plaintiff filed timely objections to the case schedule.  *See* Obj., ECF No. 12;

26    Min. Order (Sept. 22, 2023) (noting "case schedule will become final without further order of the

27    court unless objections are filed within fourteen (14) calendar days").  Plaintiff requested the

28    court modify the scheduling order to make clear plaintiff could file a motion not only to join

                                              1

additional defendants, but also to amend the complaint.  *See generally* Obj.  After reviewing the objections, the court amended its order as plaintiff requested.  Prior Order (Oct. 12, 2023), ECF No. 14.

Plaintiff also formally filed a timely motion to amend the complaint.  *See generally* Mot., ECF No. 13.  The proposed amended complaint would add an eighth claim against Eden for breach of medical privacy and a ninth claim against a new defendant, Schwartz Semerdjian Cauley & Evans LLP, for allegedly aiding and abetting plaintiff's alleged discriminatory wrongful termination.  *See* Mot. at 6–7[1]; *see generally* Proposed Second Am. Compl., Mot. Ex. 5, ECF No. 13.  Further, plaintiff seeks to make minor corrections to the complaint without changing preexisting claims for relief or making substantive changes.  *See id.* at 7.  Eden does not oppose plaintiff's amending the complaint to revise her previously pled causes of action but opposes the addition of new claims and a new defendant.  *See generally* Opp'n, ECF No. 15.  The motion is fully briefed, *see* Reply, ECF No. 16, and the court submitted the motion without oral argument as provided by Local Rule 230(g).  Min. Order (Nov. 30, 2023), ECF No. 17.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 16(b), "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Thus, a party seeking leave to amend pleadings after the deadline specified in the scheduling order must first satisfy Federal Rule of Civil Procedure 16(b)'s "good cause" standard.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992).  Plaintiff sought leave to amend before the court's October 13, 2023 deadline for doing so, therefore she need not satisfy Rule 16(b).  *See* Min. Order (Sept. 22, 2023); Prior Order (Oct. 12, 2023); *see also J.C. v. San Juan Unified Sch. Dist.*, No. 18-02735, 2020 WL 4676542, at *2 (E.D. Cal. Aug. 12, 2020).

Federal Rule of Civil Procedure 15(a)(2), provides as a general matter that district courts should "freely give leave" to amend the pleadings "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit has "stressed Rule 15's policy of favoring amendments[.]"  *Ascon*

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

1  *Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (citation omitted).  "[T]his

2  policy is to be applied with extreme liberality."  *Morongo Band of Mission Indians v. Rose*,

3  893 F.2d 1074, 1079 (9th Cir. 1990) (citation omitted).  The court considers the following five

4  factors when determining whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3)

5  prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has

6  previously amended his complaint."  *In re W. States Wholesale Nat. Gas Antitrust Litig.*,

7  715 F.3d 716, 738 (9th Cir. 2013) (citation and marks omitted).

8  **III.   ANALYSIS**

9         While Eden does not oppose plaintiff's request to make minor non-substantive changes to

10  the complaint, Eden does oppose plaintiff's request to add an additional cause of action and a new

11  defendant.  Opp'n at 5.  Eden's opposition is based solely on futility.  *Id.*  Futility alone can justify

12  denial of a motion for leave to amend.  *Wagner v. Cnty. of Plumas*, No. 18-03105,

13  2020 WL 820241, at *5 (E.D. Cal. Feb. 19, 2020) (citing *Bonin v. Calderon*, 59 F.3d 815, 845

14  (9th Cir. 1995)).  However, "leave to amend should be denied as futile 'only if no set of facts can

15  be proved under the amendment to the pleadings that would constitute a valid and sufficient claim

16  or defense[.]'"  *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (quoting

17  *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997)); *see also Ctr. for Biological*

18  *Diversity v. Veneman*, 394 F.3d 1108, 1114 (9th Cir. 2005).  But "[d]enial of leave to amend on

19  this ground is rare."  *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003).  The

20  court analyzes Eden's futility arguments in turn.

21         **A.      Proposed Eighth Cause of Action: Medical Privacy**

22         Plaintiff seeks to add an eighth cause of action against Eden for breach of duty regarding

23  medical privacy under California Civil Code sections 56.20 and 56.35.  Specifically, plaintiff

24  seeks to allege Eden is liable under the statute for improperly disclosing plaintiff's medical

25  information, "including but not limited to Plaintiff's history as it related to undergoing COVID

26  vaccination or not having done so" without her authorization.  Proposed Second Am. Compl.

27  ¶ 294.  In opposition, Eden argues adding this cause of action is futile, because Eden never

28  possessed any "medical information" as defined under the statute.  Opp'n at 5.  As relevant here,

3

1   "medical information" is defined as "any individually identifiable information, in electronic or

2   physical form, in possession of or derived from a . . . contractor regarding a patient's medical

3   history, mental health application information, reproductive or sexual health application

4   information, mental or physical condition, or treatment."  Cal. Civ. Code § 56.05(j).  According

5   to Eden, the information about plaintiff's vaccination status was not "'in possession of or derived

6   from' an outside source, as required in order to be 'medical information' under th[e statutory]

7   definition."  Opp'n at 11.  In reply, plaintiff argues Eden misunderstands its proposed

8   amendment, does not cite any case law supporting its statutory interpretation, and contends it

9   should have a "proper opportunity to brief the issue."  Reply at 6–7.

10         "Courts within this District and the Ninth Circuit often defer assessments of a proposed

11   amendment's legal substance until after those amendments are filed and a defendant formally

12   moves to dismiss."  *Ortega v. Chick-fil-A, Inc.*, No. 21-0845, 2021 WL 5281031, at *2 (E.D. Cal.

13   Nov. 12, 2021) (collecting cases); *see SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081,

14   1086 (S.D. Cal. 2002) ("[Legal sufficiency is] often more appropriately raised in a motion to

15   dismiss rather than in an opposition to a motion for leave to amend.").  Here, because plaintiff

16   alleges a contractor, U.S. Healthworks, was in possession of plaintiff's medical information and is

17   prepared to allege this information was disclosed to an unauthorized third party, it is plausible the

18   medical information disclosed fits within the statutory definition.  *See* Proposed Second Am.

19   Compl. ¶¶ 72A, 103A, 112D, 294.  While plaintiff's allegations ultimately may be legally

20   insufficient to support her claims, the court cannot conclude based on the limited arguments

21   before it now that amendment would be futile such that it should deny the motion to amend.  *Cf.*

22   *Fagalnifin v. First Tech. Fed. Credit Union*, No. 22-00734, 2023 WL 316919, at *3 (E.D. Cal.

23   Jan. 19, 2023) (finding similarly).

24         **B.    Proposed Ninth Cause of Action: Aiding and Abetting**

25         Plaintiff also seeks to add a ninth cause of action for aiding and abetting wrongful

26   termination against a new defendant, Schwartz Semerdjian Cauley & Evans LLP, the law firm

27   representing defendant in this matter.  Eden raises three arguments to support its position

28   amendment here is futile.  First, Eden contends California law does not allow plaintiff to sue a

4

1    third party for wrongful termination or aiding and abetting wrongful termination.  Opp'n at 12.

2    Second, Eden argues such a claim is also not viable under the Fair Employment and Housing Act

3    (FEHA).  *Id.* at 13–18.  Finally, Eden argues adding the ninth cause of action is futile because it is

4    inconsistent with other allegations in plaintiff's complaint.  *Id.* at 18–19.  In reply, plaintiff argues

5    aiding and abetting can constitute a cause of action under California law, plaintiff does not have

6    space in its brief to address a potential FEHA claim and plaintiff's allegations are not

7    inconsistent.  Reply at 9–11.

8         While the court has doubts about the ultimate viability of this proposed claim, it declines

9    to make a decision regarding its strength at this stage and finds the issues raised in Eden's

10   opposition are more appropriately resolved with full briefing after the claim is amended.  *See*

11   *Ortega*, 2021 WL 5281031, at *2 (collecting cases); *Puget Soundkeeper All. v. APM Terminals*

12   *Tacoma LLC*, 545 F. Supp. 3d 893, 897–98 (W.D. Wash. 2021) (finding futility arguments in

13   opposition to motion to amend "better suited for full briefing").

14   **IV.    CONCLUSION**

15        For the reasons set forth above, the court **grants** plaintiff's request to amend the

16   complaint.  Plaintiff shall promptly  file the proposed amended complaint on the docket and

17   defendant shall timely respond as provided by the federal rules.  The parties are further directed to

18   submit a proposed modified scheduling order no later than fourteen (14) days after this order is

19   filed.  *See* Prior Order (Feb. 27, 2024), ECF No. 24.

20        This order resolves ECF No. 13.

21        IT IS SO ORDERED.

22   DATED:  October 8, 2024.

_____
SENIOR UNITED STATES DISTRICT JUDGE